*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RYDER/JACOBS, Minors.

UNPUBLISHED
April 14, 2022

No. 357894
Shiawassee Circuit Court
Family Division
LC No. 18-014243-NA

Before: GLEICHER, C.J., and K. F. KELLEY and PATEL, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating his parental rights to CR and EJ.[1] Because we conclude that at least one ground for statutory termination was established by clear and convincing evidence, we affirm the portion of trial court's order finding statutory grounds for termination. But since the trial court failed to explicitly address the children's relative placement, we vacate the trial court's best-interest analysis and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Since the time that CR was born in 2013, respondent has served ten jail terms, three unsuccessful probationary terms, two prison terms,[2] and one term of parole. Respondent was serving a prison sentence at the time of EJ's birth in 2015 and he did not meet EJ until the child was 16 months old. In addition to his lengthy criminal history, respondent has battled substance abuse for the duration of the children's lives. While he has participated in various treatment

---

[1] The children's mother was also a party in the lower court proceedings, but she voluntarily released her parental rights to the children and is not a party to this appeal.

[2] Respondent is currently serving a sentence on a conviction for possession of methamphetamine. He has completed three and a half years of the 15-year maximum sentence. At the time of the termination, his earliest release date was October 2021. His anticipated release date is unknown, but it could be as late as June 18, 2034.

programs (including a nine-month residential substance abuse program during his 2015-2017 incarceration), he relapsed in 2017. Respondent stated that his prior substance abuse treatment only provided temporary assistance and he has always relapsed shortly after completion of a program.

In early 2018, respondent was granted temporary custody of the children due to the biological mother's involvement with Child Protective Services (CPS) for substance abuse and alleged physical abuse of CR.[3] During the temporary custody period, respondent was involved in an automobile accident while returning home from a drug purchase. Both of the children were injured in the accident because they were not properly strapped in car seats.

On June 6, 2018, just one day after the accident, the Department of Health and Human Services (DHHS) filed a petition to remove the children from respondent's custody. The petition stated that it was contrary to the children's welfare to remain in respondent's custody because of "his chronic drug use, unstable housing, and physical neglect." In addition to allegations regarding the accident, the petition alleged, in part, that respondent had failed random drug screens in the prior months, that he had failed to participate in outpatient treatment, and that he had been moving around between relatives' homes.[4] DHHS provided respondent with a parent-agency treatment plan and service agreement focused on substance abuse treatment, parenting skills, mental health counseling, stable employment, and appropriate housing. DHHS filed an amended petition alleging that respondent had been in and out of jail and had not been in contact to begin any services.

In September 2018, DHHS placed the children with their paternal grandfather and step-grandmother, with whom the children have resided throughout the pendency of these proceedings. The trial court exercised jurisdiction over the minor children following respondent's no-contest plea to the amended petition.[5]

Since the commencement of these proceedings in 2018, respondent has been incarcerated in various county jails and state prison on a range of charges. In 2019, he was transferred to state prison and he is still there.

In February 2021, DHHS filed a supplemental petition seeking termination of respondent's parental rights under MCL 712A.19b(3)(c)(i) (conditions that led to the adjudication continue to

---

[3] The children's mother has an extensive CPS history, including an investigation concerning the 2013 death of her and respondent's infant son who suffocated after rolling between a bed and a wall. Respondent was also involved in that CPS investigation.

[4] The preliminary hearing was adjourned multiple times because respondent's whereabouts were unknown. Respondent's counsel eventually waived the preliminary hearing on respondent's behalf.

[5] On January 27, 2020, the court allowed respondent to withdraw his initial plea to jurisdiction, and reenter a new plea, in order to comply with amendments to the court rules made in accordance with our Supreme Court's decision in *In re Ferranti*, 504 Mich 1; 934 NW2d 610 (2019).

exist), (c)(ii) (failure to rectify other conditions) and (g) (failure to provide proper care and custody). The trial court held that there was clear and convincing evidence supporting termination of respondent's parental rights under each of the statutory grounds outlined in the petition and that termination was in the child's best interest. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). We also review a trial court's decision that termination is in a child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

## III. ANALYSIS

Respondent argues that the trial court clearly erred by finding that at least one statutory ground for termination of his parental rights existed. We disagree.

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(i) (failure to rectify conditions that led to adjudication), (c)(ii) (failure to rectify conditions other than those that led to adjudication), and (g) (failure to provide proper care and custody). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

A trial court may terminate a respondent's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(i). "This statutory ground exists when the conditions that brought the [child] into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services[.]" *White*, 303 Mich App at 710 (quotation marks and citation omitted). Termination of parental rights is proper under MCL 712A.19b(3)(c)(i) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). Incarceration alone does not constitute grounds for termination. *In re Mason*, 486 Mich 142, 146; 782 NW2d 747 (2010).

It is undisputed that more than 182 days had elapsed since the initial disposition order was entered. Respondent's only argument is that he participated in services while incarcerated and "DHHS should have provided [him] a fair opportunity to demonstrate the skills that he learned could provide permanency" taking "into account that the State of Emergency created barriers to services."

-3-

The trial court considered respondent's extensive criminal history, substance abuse, prior parenting failures, lack of progress on his service plan, incarceration, and the amount of time it would take for him to regain custody of the children after his release from prison. Respondent has battled substance abuse most of his adult life. He took classes and completed extensive treatment before the current proceedings but those were unsuccessful. He fell back into his problematic patterns and did not demonstrate any effective, positive changes. His destructive behavior resulted in his incarceration at various county jails and, eventually, state prison. Respondent has spent the majority of his children's lives incarcerated. At the time of termination, he had been incarcerated for more than two and a half years and his children were removed from his care nearly three years prior. The record reflects that respondent's absence has eroded any bond that he had with his children. Respondent conceded that it will require time for him to establish his sobriety and create a stable foundation after his release from prison. [6]

We understand that respondent's ability to complete services in prison during the COVID-19 pandemic may have been restricted for a period of time. However, respondent has had ample time and opportunity to complete the necessary work since these proceedings began in 2018. More importantly, as respondent readily acknowledged, he will not be prepared to immediately take on the care and custody of the children upon his release. The length of time that it would take respondent to be in a position to adequately parent the children is unreasonably long considering the children's ages and the fact that respondent's anticipated release date from prison is unknown.

Because the totality of the evidence amply supports that respondent did not accomplish any meaningful change in the conditions existing at the time of the adjudication, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages, the trial court did not clearly err in finding that termination was proper under MCL 712A.19b(3)(c)(i). It is not necessary for us to consider the other statutory grounds cited by the trial court. *Foster*, 285 Mich App at 633.

Next, respondent argues that the trial court clearly erred by finding that termination of his parental rights was in the children's best interests. We agree.

If the trial court finds that a statutory ground for termination of parental rights has been established, it must order termination of parental rights only if it finds that doing so is in the best interests of the child. MCL 712A.19b(5); *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Olive/Metts*, 297 Mich App at 41-42 (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while

_____

[6] The foster care worker testified that it would likely take approximately one year from the date of respondent's release for reunification, assuming that he was successful with services. Respondent did not dispute this estimate.

in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).

If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *Mason*, 486 Mich at 164. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Olive/Metts*, 297 Mich App at 43. See also *In re Mays*, 490 Mich 993, 994; 807 NW2d 304 (2012).

In this case, the trial court's best-interests analysis failed to expressly consider the children's placement with their paternal grandfather and step-grandmother. The trial court alluded to the necessity of permanency and stability for the children given respondent's indeterminate release date, but it did not explicitly address any other best-interest factors or the children's placement with relatives. The children's placement with relatives was a factor that weighed against termination, *Mason*, 486 Mich at 164, and the trial court was required explicitly address that factor in its analysis, *Olive/Metts*, 297 Mich App at 43.

We conclude that the trial court clearly erred by finding that termination of respondent's parental rights was in the children's best interests without considering the children's relative placement. Accordingly, we vacate the trial court's best-interest analysis and remand to the trial court for further proceedings consistent with this opinion.

## IV.  CONCLUSION

We affirm the portion of trial court's order finding statutory grounds for termination, vacate the trial court's best-interest analysis, and remand for further proceedings. We retain jurisdiction.


/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel

-5-

# Court of Appeals, State of Michigan

## ORDER

In re Ryder/Jacobs Minors

Docket No.    357894

LC No.        18-014243-NA

Elizabeth L. Gleicher
Presiding Judge

Kirsten Frank Kelly

Sima G. Patel
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the court is to make findings with respect to the relative placement in the context of its overall best-interests analysis. The proceedings on remand are limited to the best-interests analysis, as explained in more detail in the accompanying opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. The trial court shall complete the proceedings within 63 days after the issuance of this order. Within seven days after entry, respondent shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 14, 2022
Date

_____
Chief Clerk